## JOHN R. TWILLEY *vs.* IDA TOADVINE ET AL.

*Construction of a Will.*

A testatrix bequeathed one-eighth of her estate to a trustee for the use of her daughter Arabella, who was then insane, with directions that the same be paid to the daughter if she recover her reason, and that if the daughter should die before the testatrix then the said sum should be paid to the other children of the testatrix ; and the residue of the estate was devised to these other children. The daughter survived the testatrix and died some years afterwards without having recovered her reason. *Held*, that the sum held by the trustee passes to the estate of the daughter and not to the other children of the testatrix.

*Decided May 15th, 1907.*

Appeal from the Circuit Court for Wicomico County (HOLLAND, J.)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*James E. Ellegood* (with whom were *Freeny & Wailes* on the brief), for the appellant.

*E. Stanley Toadvin,* for the appellee.

ROGERS, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Wicomico County, in Equity.

It appears from the record in this case that one Mary A. Twilley of said county on the 25th day of May, 1900, executed her last will in due form, and after directing that certain just debts, funeral expenses and costs of administration should be paid; by the second clause of her will directed and empowered her executor therein named to sell and convey all of her estate, both real and personal, upon the best terms he might deem best; and by the third clause, over the construction of which this controversey arose, she declared, "I hereby direct that my executor pay one-eighth of my estate after the expense of administration has been paid to Eugene Oliphant in trust for the use of my daughter, Arabella Trader, who is now insane, but if the said Arabella Trader shall become of sound mind, then I direct that the above named amount be paid to the said Arabella Trader, and I further direct that in the event of the death of the said Arabella Trader before the execution of this my last will and testament that the above mentioned amount be paid in equal parts to my other seven children share and share alike."

And by the fourth clause of her will she bequeathed as follows, "I bequeath the balance of my estate in equal amounts to my seven children, namely," and names them, "share and share alike."

And this Court is asked to construe the said third clause, and to declare what estate the said Arabella Trader took under the will of her mother the testatrix Mary A. Twilley. It appears from the record in this case that Arabella Trader survived her mother, and it also appears from the record that Arabella Trader remained *non compos* until her death which occurred in February, 1906. It also appears that Eugene Oliphant was duly appointed committee of said Arabella Trader by the Circuit Court for Wicomico County and qualified as such. That said committee has made a final report to said Circuit Court, and that said report and account has been

duly ratified by said Circuit Court for Wicomico County and that there remains in the hands of said Eugene Oliphant the sum of $284.32 subject to the order of said Court. On the 14th of March, 1906, Sidney L. Trader, husband of Arabella Trader, Ida Toadvine and Sanford A. Toadvine, her husband, William B. Trader and Annie E. Ellis and Samuel M. Ellis, her husband, filed in the Circuit Court for Wicomico County their petition against Eugene Oliphant, trustee and committee of Arabella Trader lunatic, and the other seven children of Mary A. Twilley, deceased, alleging that the aforesaid sum of $284.32 remains in the hands of Eugene Oliphant, trustee, and that Arabella Trader died in February, 1906, owing no debts, and that the said Ida Toadvine, William B. Trader and Annie E. Ellis are the only heirs at law of Arbella Trader and that they are all adults, and that they together with Sidney L. Trader are entitled to said sum now in the hands of Eugene Oliphant, trustee, and pray process against the seven other children of Mary A Twilley, naming them.

To this petition the other seven children of Mary A. Twilley filed their answer, alleging that they are advised that the fund of $284.32 now in the hands of Eugene Oliphant does not belong to the children of Arabella Trader, deceased, and her husband, but that they, the seven children of Mary A. Twilley, are entitled to the said sum. The case was submitted without testimony, and the learned Judge below filed an opinion in which he declared that the said sum of $284.32 belonged to the husband and children of Arabella Trader and signed a decree in conformity with those views.

And we are asked in this appeal to review that opinion and decree, and as this involves a construction of the will of Mary A. Twilley we will proceed to do so.

From an inspection of that instrument it will appear, 1st. that one-eighth of the estate of Mary A. Twilley was to be paid over to Eugene Oliphant in trust for the use of Arabella Trader, and we have shown that this was done.

2nd. But if the said Arabella Trader shall become of sound mind, then the above amount was to be paid to the said·

Arabella Trader. Now this event never happened, for the record shows that Arabella Trader remained *non compos* until the day of her death, so the second contingency is eliminated from our consideration.

3rd. "That in the event of the death of Arabella Trader before the execution of this my last will (meaning probate) and testament that the above mentioned amount be paid in equal parts to my other seven children share and share alike." But this event did not occur within the time specified in the will; for it is a conceded fact in this record, that Arabella Trader survived her mother Mary A. Twilley several years, so that we find from the record that only one of the three contingencies happened as named in the will, namely that the one-eighth part of the estate of Mary A. Twilley was paid over to Eugene Oliphant in trust for the use of Arabella Trader— who did not recover her mind, and who also outlived her mother, so that we hold that the funds in the hands of Eugene Oliphant, Trustee and Committee, belong to the estate of Arabella Trader and must be paid over to her administrator when duly appointed and qualified.

It follows from what we have said that the decree appealed from must be affirmed

*Decree affirmed with costs to the appel-*
*lee above and below.*